IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DONNAMAY BROCKBANK, DENNIS L. MOSES,<br><br>Plaintiffs,<br>v.<br><br>BRIAN WOLFE, and DOES 1 THROUGH 50,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING BRIAN WOLFE'S [9] MOTION TO DISMISS AND COMBINED MEMORANDUM IN SUPPORT**<br><br>Case No. 2:13-cv-00938-DN<br><br>District Judge David Nuffer |

The defendant Brian Wolfe ("Wolfe") filed a Motion to Dismiss and Combined Memorandum in Support[1] (the "Motion") in response to Plaintiffs' complaint.[2] Wolfe alleges that dismissal is warranted because of insufficient service of process, lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, and lack of personal jurisdiction.[3] Plaintiffs Donnamay Brockbank ("Brockbank") and Dennis L. Moses ("Moses") (collectively "Plaintiffs") oppose[4] Wolfe's Motion. Because this court lacks personal jurisdiction over Wolfe, it is unnecessary to address Wolfe's other arguments and bases for dismissal.

Wolfe's motion to dismiss is GRANTED.

---

[1] Docket no. 6, filed Jan. 3, 2014.

[2] Docket no. 4, filed Nov. 15, 2013.

[3] *See* Motion, docket no. 6.

[4] Plaintiffs' Response to Defendant's Motion to Dismiss and Combined Memorandum in Support, docket no. 15, filed March 22, 2014 (the "Opposition").

**FACTUAL BACKGROUND**

In 1988 plaintiff Donnamay Brockbank ("Brockbank") with her then husband Brian Brockbank purchased a funeral home (the "Property") from Wayne and Barbara Staples.[5] The Property is located in Vancouver, Washington.[6] The Brockbanks purchased the Property "through [a] seller financed promissory note and deed of trust."[7] The trustee was Kevin Staples, who is Wayne and Barbara Staples's son. In 2009 the Brockbanks stopped making payments on the obligation and stopped paying property taxes.[8] Kevin Staples "commenced foreclosure proceedings . . . in early 2011."[9] Brockbank and her new husband Dennis L. Moses ("Moses") tried to stop the foreclosure sale by filing numerous lawsuits and several contemporaneous bankruptcies.[10]

In the beginning of June 2012, Brian Wolfe "was appointed as Successor Trustee" by Staples to again begin foreclosure proceedings.[11] Wolfe is an attorney licensed to practice law in Washington.[12] He has been a "resident of the state of Washington . . . for 67 years."[13] As an attorney Wolfe has "never practiced law in Utah, nor . . . represented a Utah resident in any matters in the state of Washington."[14] Other than "consumer

---

[5] Decl. of Kevin Staples in Support of Motion to Dismiss ("Staples Decl.") at ¶ 1, docket no. 9, filed Jan. 3, 2013.

[6] Decl. of Brian Wolfe in Support of Motion to Dismiss ("Wolfe Decl.") at ¶ 8, docket no. 7, filed Jan. 3, 2014.

[7] Staples Decl. at ¶ 1, docket no. 9.

[8] *Id.* at 2.

[9] *Id.* at 10.

[10] *Id.* at ¶ 5–9.

[11] Wolfe Decl. at ¶ 8, docket no. 7.

[12] *Id.* at ¶ 3.

[13] *Id.* at ¶ 2.

[14] *Id.* at ¶ 5.

transactions as a tourist"[15] and referring a client to an expert witness in Salt Lake City,[16] Wolfe has not "engaged in business transactions . . . in the state of Utah."[17]

On January 25, 2013, Wolfe sold the Property at a Trustee's Sale in the State of Washington pursuant to Washington law.[18] On November 15, 2013, Brockbank and Moses sued Wolfe to invalidate the sale, asserting several causes of action related to the Wolfe's foreclosure of the Property.[19] Wolfe moves to dismiss the complaint against him for several reasons, one of which is that the court lacks personal jurisdiction over him.[20]

## DISCUSSION

"The Plaintiff bears the burden of establishing personal jurisdiction over the defendant."[21] "When a district court rules on a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction . . . the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."[22] "In the preliminary stages of litigation . . . the plaintiff's burden is light."[23] "[A]ll factual disputes must be resolved in the plaintiff's favor."[24]

---

[15] *Id.* at ¶ 7.

[16] *Id.*

[17] *Id.*

[18] Staples Decl. at ¶ 5, docket no. 9.

[19] Compl., docket no. 4.

[20] Motion at 22–27, docket no. 6.

[21] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citations omitted).

[22] *Id.*

[23] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[24] *Id.*

There are two types of personal jurisdiction that may allow this case to proceed against Wolfe in this district—specific and general.[25] As explained by the Utah Supreme Court:

> General personal jurisdiction permits a court to exercise power over a defendant without regard to the subject of the claim asserted. For such jurisdiction to exist, the defendant must be conducting substantial and continuous local activity in the forum state. In contrast, specific personal jurisdiction gives a court power over a defendant only with respect to claims arising out of the particular activities of the defendant in the forum state. For such jurisdiction to exist, the defendant must have certain minimum local contacts.[26]

As discussed in greater detail below, neither specific nor general personal jurisdiction over Wolfe exists.

### I. Wolfe is Not Subject to Specific Personal Jurisdiction.

"[A] court may . . . assert *specific* jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."[27] Before exercising specific jurisdiction over a nonresident defendant in Utah, a three part inquiry must be satisfied. First, "the defendant's acts or contacts must implicate Utah under the Utah long-arm statute."[28] Second, "a nexus must exist between the plaintiff's claims and the defendant's acts or contacts."[29] And third, "application of the Utah long-

---

[25] *First Mortgage Corp. v. State Street Bank and Trust Co.*, 173 F. Supp.2d 1167, 1171 (D. Utah 2001).

[26] *Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992) (citations omitted).

[27] *OMI Holdings*, 149 F.3d 1090–91 (citations omitted).

[28] *National Petroleum Marketing Inc. v. Phoenix Fuel Co. Inc.*, 902 F. Supp. 1459, 1465 (D. Utah 1995) (citations omitted).

[29] *Id*.

4

arm statute must satisfy the requirement of federal due process."[30] None of these three factors are satisfied.

      A. <u>Wolfe's Acts do Not Implicate Utah under its Long-Arm Statute.</u>

In the first part of the inquiry, the court must consider Utah's long-arm statute. The relevant parts of the statute state:

> [A]ny person . . ., whether or not a citizen or resident of this state, who, in person or through an agent, does any of the following enumerated acts is subject to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>     (1) the transaction of any business *within this state*;
>     . . . .
>     (3) the causing of any injury *within this state* whether tortious or by breach of warranty;[31]

Brockbank and Moses make no attempt to establish that Wolfe conducted any business in the State of Utah or caused any injury in the State of Utah. Instead, they state that Wolfe's motion does not "even qualify for [their] time and energy into disputing the details."[32]

Brockbank and Moses seem to claim they were injured by Wolfe's Trustee's Sale of the Property.[33] More specifically, they argue that "Wolfe knew there was a legal chapter 13 bankruptcy in Utah . . . and that to get . . . relief from the automatic stay he would have to get authority for [sic] the judge over that case."[34] But Wolfe's failure to consult a judge in Utah for the sale of the Property did not cause a tortious injury in the State of Utah. If there were any injury, which is highly doubtful considering Plaintiffs'

---

[30] *Id.*

[31] Utah Code Ann. § 78B-3-205 (emphasis added).

[32] Opposition at 3, docket no. 15.

[33] Compl. at 2, docket no. 4.

[34] *Id.* at 4.

5

multiple bankruptcy filings in several states, then the injury occurred in Washington, not in Utah. The first part of the inquiry fails.

       B. <u>There is no Nexus Between Wolfe's Acts and Plaintiffs' Claims.</u>

Wolfe had only limited contacts with Utah—in his 67 years, he has visited Utah a few times as a tourist and he once referred a client to an expert witness who lived in Utah.[35] Plaintiffs' alleged injury is not at all related to these minimal, non-business related contacts with the State of Utah. Because the alleged injury occurred in Washington, there is no nexus between the alleged injury and Wolfe's minimal contacts with the State of Utah. No further discussion on the nexus requirement is needed since the alleged injuries occurred in Washington—not Utah.[36] The second part of the inquiry fails.

       C. <u>Wolfe's Due Process Rights Would be Violated.</u>

To satisfy the third part of the inquiry, the plaintiff must show that exercising personal jurisdiction over the defendant would not offend the requirements of federal due process. Under due process standards, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state."[37] The necessary "minimum contacts" for specific personal jurisdiction are established "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to those activities.'"[38]

---

[35] Wolfe Decl. at ¶ 7, docket no. 7.

[36] *See STV Int'l Marketing v. Cannondale Corp.*, 750 F. Supp. 1070, 1076 (D. Utah 1990).

[37] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

[38] *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Brockbank and Moses have not contested that they are and have been residents of Washington. Likewise, they have not shown that Wolfe's activities as a tourist in Utah either resulted in or were even remotely related to their current injury. Thus, the third part of the inquiry fails.

This court does not have specific personal jurisdiction over Wolfe.

## II. Wolfe is Not Subject to General Personal Jurisdiction.

"General jurisdiction arises from a defendant's continuous and systematic activity in the forum state."[39] "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general . . . contacts with the forum state."[40]

Brockbank and Moses have failed to show Wolfe has engaged in continuous and systematic activity in Utah. Although their assertions toward establishing jurisdiction are accorded heightened deference, even the most generous inferences from the alleged facts fail to establish general personal jurisdiction over Wolfe in Utah.

---

[39] *Wise v. Lindamood*, 89 F. Supp.2d 1187, 1189 (D. Colo. 1999) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).

[40] *OMI Holdings*, 149 F.3d at 1091 (quoting *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (citations omitted)).

## ORDER

IT IS HEREBY ORDERED that Wolfe's Motion to Dismiss and Combined Memorandum in Support[41] is GRANTED.

Signed June 12, 2014.

BY THE COURT:

David Nuffer
United States District Judge

---

[41] Docket no. 6.