IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DONNAMAY BROCKBANK, DENNIS L. MOSES,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN WOLFE, and DOES 1 THROUGH 50,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' [22] MOTION TO VACATE**<br><br>Case No. 2-13-CV-00938-DN<br><br>District Judge David Nuffer |

Pro se Plaintiffs Donnamay Brockbank and Dennis L. Moses move to vacate the Court's Memorandum Decision and Order Granting Brian Wolfe's Motion to Dismiss and Combined Memorandum in Support[1] ("Dismissal Order"). The Dismissal Order granted Brian Wolfe's ("Wolfe") motion to dismiss and disposed of the case because the court lacked personal jurisdiction over Wolfe.

Plaintiffs filed, on July 18, 2014, their motion[2] to vacate ("Motion") and a separate untitled document[3] specifying that their requested relief from judgment is pursuant to coram nobis, coram vobis, and 60(b)(3) of the Federal Rules of Civil Procedure. Wolfe opposes Plaintiffs' Motion, arguing that "Rule 60 expressly abolishes coram nobis/vobis as a basis for setting aside an order," and further, Plaintiffs "provide no bases for this Court to even consider

---

[1] Docket no. 19, filed June 12, 2014.

[2] Motion to Vacate Recent Dismissal of this Case No. 2:13-cv-0938, docket no. 22, filed July 18, 2014.

[3] Docket no. 23, filed July 18, 2014.

setting aside the Dismissal Order."[4] Plaintiffs, on August 14, 2014, emailed a letter[5] to the court which, if construed liberally, appears to be their response to Wolf's memorandum in opposition. Plaintiffs, however, do not address the arguments set forth in Wolfe's memorandum in opposition. Instead, Plaintiffs inform the court that Plaintiff Dennis Moses has health issues, and request a stay on a judgment in their case until they find out what is happening with Mr. Moses's health issues.

Rule 60(e) specifically abolishes writs of coram nobis and coram vobis.[6] As for Plaintiffs' Rule 60(b)(3) motion, in order to prevail, Plaintiffs must demonstrate by clear and convincing evidence that the Dismissal Order was the result of a fraud on the Court.[7] "Generally speaking, only the most egregious misconduct, such as bribery of a judge . . . will constitute a fraud on the court."[8] Therefore, to prevail under this provision, Plaintiffs must show that the "impartial functions of the court have been directly corrupted."[9] Plaintiffs provide no such evidence.

Plaintiff's motion for Rule 60(b)(3) relief is merely another attempt to reargue their previous allegations. Their motion is not based on any revelations of misconduct or fraud. Indeed, Plaintiffs have failed to provide any evidence whatsoever regarding the alleged fraud committed by Wolfe, merely making the conclusory allegations that Wolfe committed fraud by

---

[4] Memorandum in Opposition to Motion to Vacate at 2, docket no. 24, filed July 31, 2014.

[5] August 14, 2014 Email, docket no. 40, filed August 14, 2014.

[6] *See* Fed. R. Civ. P. 60(e).

[7] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

[8] *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Rozier v. Ford Motor Company*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

[9] *Bulloch v. United States*, 763 F.2d 1115, 1118 (10th Cir. 1985).

illegally foreclosing on their property and ignoring the automatic stay in Plaintiff's bankruptcy case. This is clearly not enough to justify vacating the Dismissal Order and reopening this case.

## ORDER

IT IS HEREBY ORDERED that the motion[10] to vacate is DENIED.

Signed September 12, 2014.

BY THE COURT

District Judge David Nuffer

---

[10] Motion to Vacate Recent Dismissal of this Case No. 2:13-cv-0938, [docket no. 22](docket no. 22), filed July 18, 2014.